UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

E. J. THOMPSON, VALERY THOMPSON, MIDSTATE PROPERTIES, VIOLET MANOR and CEDARS ROAD, LLC,

    Plaintiffs,

  v.

CITY OF REDDING, DEBORAH WRIGHT, WILLIAM NAGEL, and DOES 1 through 10,

    Defendants.
_____/

NO. CIV. 2:09-1609 WBS CMK

ORDER RE: MOTION TO AMEND

----oo0oo----

    Defendants City of Redding, Deborah Wright, and William Nagel seek leave of court to amend their answer to add additional defenses based on newly discovered facts. Specifically, defendants seek to amend their answer to include estoppel defenses in light of their recent realization that plaintiffs have filed and been discharged from bankruptcy, but did not list this lawsuit as assets in their bankruptcy proceedings even

1

though it was pending when they filed bankruptcy.  Plaintiffs have not opposed defendants' motion to amend their answer.[1]

Generally, a motion to amend is subject to Rule 15(a) of the Federal Rules of Civil Procedure, which provides that "[t]he court should freely give leave [to amend] when justice so requires."  Fed. R. Civ. P. 15(a)(2).  However, "[o]nce the district court ha[s] filed a pretrial scheduling order pursuant to Federal Rule of Civil Procedure 16[,] which establishe[s] a timetable for amending pleadings[,] that rule's standards control[]."  Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607-08 (9th Cir. 1992).  Here, the court issued a Status (Pretrial Scheduling) Order on November 13, 2009, which states that further amendments to the pleadings are prohibited "except with leave of court, good cause having been shown under Federal Rule of Civil Procedure 16(b)."  (Docket No. 18.)

Under Rule 16(b), a party seeking leave to amend must demonstrate "good cause."  Fed. R. Civ. P. 16(b).  "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking amendment."  Johnson, 975 F.2d at 609.  "If that party was not diligent, the inquiry should end."  Id.  Although "the focus of the inquiry is upon the moving party's reasons for seeking modification[,]" a court may consider the prejudice to

---

[1] Eastern District Local Rule 230(c) required plaintiffs to file an opposition or statement of non-opposition by June 20, 2011.  When plaintiffs failed to file either document, the court contacted plaintiffs' counsel, and he indicated that plaintiffs did not intend to oppose defendants' motion and that a statement of non-opposition would be forthcoming.  Despite a second reminder from the court, plaintiffs have failed to file a statement of non-opposition.

2

the other parties when making its determination.[2]  See id.

In the declaration submitted with defendants' motion to amend their answer, defendants' counsel details the procedural and factual background leading to defendants' current request for leave to amend their answer.  The court finds that defendants have been diligent in seeking amendment and, based on the lack of opposition from plaintiffs and the fact that discovery is not set to close until November 30, 2011, it does not appear that plaintiffs will be prejudiced if defendants are granted leave to file an amended answer.  Accordingly, because defendants have shown good cause for leave to file the proposed amended answer (Docket No. 33-2), the court will grant defendants' motion.

IT IS THEREFORE ORDERED that defendants' motion to file an amended answer be, and the same hereby is, GRANTED.  The hearing set for July 5, 2011, at 2:00 p.m. on this motion is hereby vacated.

Defendants shall file their amended answer within five days of the date of this Order.

DATED:  June 29, 2011

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

---

[2]  If good cause is found, the court should then evaluate the request to amend the complaint in light of Rule 15(a)'s liberal standard.  Johnson, 975 F.2d at 608.  Courts commonly consider four factors when deciding whether to grant a motion for leave to amend a complaint under Rule 15(a): bad faith, undue delay, prejudice, and futility of amendment.  Roth v. Marquez, 942 F.2d 617, 628 (9th Cir. 1991).  Because Rule 16(b)'s "good cause" inquiry essentially incorporates the first three factors, if a court finds that good cause exists, it should then deny a motion for leave to amend only if such amendment would be futile.  Plaintiffs have not suggested that defendants' proposed amendments would be futile.